Filed 6/24/24  P. v. Dickerson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW EDWARD DICKERSON,<br><br>        Defendant and Appellant. | A169508<br><br>(Humboldt County<br>Super. Ct. No. CR2202322) |

Defendant Matthew Dickerson pled guilty to three counts of unlawful sexual intercourse with a minor under 16 years of age.  The trial court denied probation and sentenced him to four years in prison; the court also required him to register as a sex offender for 10 years.  Dickerson's appointed counsel has filed a brief that raises no issue for appeal and asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

## BACKGROUND[1]

Between August 12 and 17, 2022, Dickerson, then 44 years old, had sexual intercourse three times with 14-year-old Jane Doe.  Dickerson had

---

[1] The parties stipulated to the facts.

1

been in a relationship with Doe's mother for about two years and lived with Doe and her mother at the time of the offenses.

In February 2023, Dickerson was charged by information with: (1) three counts of lewd acts on a 14 year old who was at least 10 years younger than him (Pen. Code,[2] § 288, subd. (c)(1); counts 1, 2, 3); (2) three counts of unlawful sexual intercourse with a minor under 16 years old (§ 261.5, subd. (d); counts 4, 5, 6); and (3) two counts of sexual penetration by foreign object of a minor under 16 years old (§ 289, subd. (i); counts 7, 8). As to all counts, the information also alleged: (1) the victim was particularly vulnerable; (2) the manner in which the crimes were carried out indicated planning, sophistication, or professionalism; and (3) Dickerson took advantage of a position of trust or confidence.

In May 2023, the trial court granted Dickerson's motion for mistrial due to late discovery. In June 2023, an amended information was filed that contained the same counts and allegations as previously charged.

On October 11, 2023, Dickerson pled guilty to counts 4, 5, and 6 as part of an open plea in exchange for the dismissal of the remaining counts. He further admitted the aggravating circumstance that Doe was a vulnerable victim. Dickerson was specifically advised his open plea meant there were no guarantees as to sentence, and he faced anything from the minimum of probation to the maximum term of six years in prison. The parties stipulated to a factual basis for the plea. The court determined Dickerson, who was represented by counsel, was advised of, understood, and waived the right to trial, the privilege against self-incrimination, the right to produce evidence

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

and witnesses, and his right to confront and cross-examine witnesses. The court accepted the factual basis for the plea and found the plea was knowledgeable, voluntary, and intelligently made.

At the plea hearing, Dickerson acknowledged he would be required to register as a sex offender for 10 years. He understood that if he received probation, the term could be up to five years, and if he received a prison sentence, he would be sent to state prison and could be placed on parole for up to three years. Dickerson further acknowledged that he could face an aggregate maximum term of six years in prison.

At the November 6, 2023 sentencing hearing, the trial court denied probation and imposed an aggregate prison term of four years comprised of: (1) two years on count 4 (low term); (2) one year on count 5 (one-third the midterm); and (3) one year on count 6 (one-third the midterm).

When denying probation and imposing the low term, the trial court stated it believed "that the nature of the crime is of a very serious crime made more so by the age disparity between Jane Doe and Mr. Dickerson. I am balancing that this conduct, though not consensual under the law, was not forced contact. There is no prior record. And both the Static 99 as well as the other risk factors, Probation has found to be low risk to reoffend. So that is balanced by the power of disparity, the fact that he was in a position of trust and that she was vulnerable and he admitted to her vulnerability, this occurred on multiple occasions, that he had known what he was doing was wrong and brought that up with Jane Doe, [and] he attempted to dissuade her from testifying . . . . The Court believes that probation would be inappropriate in a case like this."

The court awarded credits totaling 477 days (239 actual time and 238 days conduct credits). The court ordered Dickerson to register as a sex offender for 10 years. The court also ordered Dickerson to pay a restitution fine of $1,200 (§ 1202.4) with a corresponding parole revocation fee in the same amount (§ 1202.45), along with a $120 court operation assessment fee (§ 1465.8), and a $90 criminal conviction assessment fee (Gov. Code, § 70373).

After the court sentenced Dickerson, the prosecution dismissed the remaining charges. This appeal followed.

## DISCUSSION

Our review here is limited to the sentences the trial court imposed, since Dickerson pled guilty and there is no certificate of probable cause (§ 1237.5); the notice of appeal also states the appeal is based on sentencing and other matters occurring after the plea that do not affect the validity of the plea. In any event, the record reflects Dickerson's plea was knowing and voluntary. Dickerson entered an open plea of guilty to three counts of unlawful sexual intercourse with a minor under the age of 16, in exchange for the dismissal of the remaining counts. He was specifically admonished that his open plea meant there were no guarantees as to sentence, and he faced anything from the minimum of probation to the maximum term of six years in prison. (See, e.g. *People v. Williams* (1998) 17 Cal.4th 148, 156 [acknowledging effect of " 'open plea' "].) The report prepared by the probation department in anticipation of the sentencing hearing recommended that Dickerson be sentenced to six years in state prison (an aggravated term of four years on count 4, plus two consecutive one-year terms, representing one-third the midterm, on counts 5 and 6). At the time of sentencing, the court determined Dickerson was unsuitable for probation based on the

4

seriousness of the crime and other aggravating factors. The court stated its reasons for imposing the aggregate term of four years in prison, comprised of the low term of two years on count 4, plus two consecutive one-year terms, representing one-third the midterm on counts 5 and 6. The sentences imposed were within the range acknowledged by the parties at the time of entry of plea, supported by the stipulated factual basis, and allowed by law. (§ 261.5, subd. (d).)

Finally, we conclude that any possible claim Dickerson could have regarding the fines and fees imposed by the court has been forfeited by failing to raise this issue at the time of sentencing. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object].) In any event, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794–795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928; but see *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164.) As such, any failure by counsel to raise this issue did not constitute ineffective assistance. (See *People v. Kipp* (1998) 18 Cal.4th 349, 377 [counsel's failure to raise meritless position not ineffective assistance].)

Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

_____
DESAUTELS, J.

We concur:

_____
RICHMAN, ACTING P.J.

_____
MILLER, J.

*People v. Dickerson* (A169508)